See also D.C., 101 F.Supp. 541.

ARTHUR KAHN CO., Inc. v. SWITZER BROS., Inc., et al.

SWITZER BROS., Inc. v. CAMPUS SWEATER & SPORTSWEAR CO. et al.

Civ. Nos. 28165, 28124.

United States District Court
N. D. Ohio, E. D.

Sept. 7, 1951.

No. 28165:

John F. Oberlin, Cleveland, Ohio, George B. Finnegan, Jr. and Morgan, Finnegan & Durham, all of New York City, for plaintiff.

Ely & Frye and Albert L. Ely, Jr., all of Cleveland, Ohio, for defendants.

No. 28124:

Ely & Frye and Albert L. Ely, Jr., and Youart H. Kerslake, all of Cleveland, Ohio, for plaintiff.

Roy C. Green, F. O. Richey, H. F. Schneider, Richey & Watts, Eli Goldston and Mooney Hahn, Loeser, Keough & Freedheim, all of Cleveland, Ohio, George B. Finnegan, Jr., New York City, for defendants.

JONES, Chief Judge.

Memorandum on Motion for Temporary Injunction.

The parties to this litigation appeared in the Court's chambers and informally presented the questions precipitated by the motion for temporary injunction of the so-called "Texas" suit.

Due to the necessity of prompt disposition of the questions presented, the Court will not be able to state its reaction from the facts, presentations and arguments of counsel for the parties except briefly as follows:

 It is clear, and the parties seem to agree, that a court which first acquires jurisdiction of an equitable action, particularly a declaratory judgment action, should preserve its jurisdiction by enjoining proceedings involving the same issues and the same parties in a Federal Court of another District.

Also, it seems to be the law that one who defends a suit in the name of another in aid of some interest of his own —openly to the knowledge of the opposing party—becomes a real party in interest, is bound by the judgment, and it will be res judicata as to him.

Applying the foregoing law to the facts presented, the following conclusions are reached for disposition:

The existence of an indemnification policy protecting Kahn's claimed customers, defendants in the "Texas" suit, against any adverse judgment there, and the affidavits by counsel for Kahn that it will defend the "Texas" suit, are not conclusive that it is controlling the "Texas" litigation. Its actual appearance in that litigation alone will demonstrate that it is the real party in interest. Cofax Corp. v. Minnesota Mining & Manufacturing Co., D.C., 79 F.Supp. 842; Zenith Radio Corp. v. Dictograph Products Co., Inc., D.C., 66 F.Supp. 473.

When and if Kahn appears and defends the "Texas" suit, it should request a stay of proceedings there by demonstrating to the Texas District Court that it is the real party in interest and that a suit involving the same parties and issues is pending here.

Injunction denied.