**ARTHUR KAHN CO., Inc., v. SWIT-ZER BROS., Inc., et al.**

Civ. No. 28165.

United States District Court
N. D. Ohio, E. D.

Oct. 1, 1951.

John F. Oberlin, Cleveland, Ohio, George B. Finnegan, Jr., and Morgan, Finnegan & Durham, all of New York City, for plaintiff.

Ely & Frye and Albert L. Ely, Jr., all of Cleveland, Ohio, for defendant.

542

JONES, Chief Judge.

In renewing the motion for temporary injunction earlier denied in memorandum dated September 7, 1951, D.C., 101 F.Supp. 538, the plaintiff relies upon a statement in the memorandum of the Court inferring that the intervention of the plaintiff in the Texas suit creates a situation in which the law respecting identity of parties and issues is fulfilled, under Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012; Triangle Conduit & Cable Co. v. National Electric Products Corp., 3 Cir., 138 F.2d 46; Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925.

Upon reflection and consideration of the renewal of the motion for temporary injunction against the prosecution of the Texas suit, the Court has reached the conclusion that the case here is not identical with the action commenced against customers in Texas.

In the case here a declaratory judgment is sought by the plaintiff manufacturer of flourescent fabric, alleged to be using the patents of Switzer Brothers, Inc., plaintiff in the Texas suit.

The Texas action is one brought by Switzer Brothers, Inc., against certain customers of the plaintiff, and customers of those customers, for infringement of the Switzer patents. As stated above, the case here seeks a declaratory judgment holding the Switzer patents invalid and not infringed which, I think, is a wholly different case than the one in Texas in which Switzer Brothers, Inc., seeks to prevent the infringement of patents not yet held invalid. To enjoin Switzer Brothers, Inc., in the Texas suit from prosecuting alleged infringers in such situation presents a question which must give a court pause in responding to the motion for a temporary injunction.

The granting or withholding of a temporary injunction is a matter of discretion, although such discretion must be exercised reasonably and within the purview of the law applicable in such case. However, in determining whether an injunction should be granted or withheld, the court, in exercising that discretion, is permitted to balance the respective equities and probable damages to one or the other of the parties from a relative standpoint, and determine as nearly as may be where the lesser damage lies. Consequently, it seems to me that this Court must hesitate to prevent Switzer Brothers, Inc., licensee of the patents in question, from protecting what presently, to all intents and purposes, are valid patents.

Accordingly, the motion for temporary injunction must be denied.

Respecting the motion of the defendant here to enjoin the prosecution of the counterclaim in the Texas case,—it will be denied in view of the action above.