**GORDON JOHNSON CO. v. HUNT et al.**

Civ. No. 28208.

United States District Court
N. D. Ohio, E. D.

Oct. 24, 1951.

540

Howard Burns, Cleveland, Ohio, Dawson & Ooms and Casper W. Ooms, all of Chicago, Ill., C. Earl Hovey, Kansas City, Mo., for plaintiff.

F. O. Richey, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

Plaintiff in this declaratory judgment action moves the court for a preliminary injunction enjoining the defendants, and each of them, from further proceeding in seven patent infringement actions pending in other Districts until the final determination of this action. The infringement actions were brought against plaintiff's customers, and were commenced subsequent to the time the declaratory judgment action in this court was begun.

The present motion raises questions considered by this court in Kahn v. Switzer, D. C., 101 F.Supp. 538. In the Kahn case the injunction was denied, and the same result must be reached here. Indeed, in the present case, there are more cogent reasons for denying the injunction.

The principle seems well established by cases cited below, that the court which first acquires jurisdiction of an equitable action should preserve its jurisdiction by enjoining proceedings involving the same issues and the same parties in a Federal court of another District. Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012; Triangle Conduit & Cable Co. v. National Electric Products Corp., 3 Cir., 138 F.2d 46; Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925; Declaratory Judgments, Borchard, 2nd Ed. at page 818. This principle, however, has no application to the present case because there is no identity of parties in the declaratory judgment and infringement actions. The declaratory judgment action involves the manufacturer of the alleged infringing device; the infringement actions have been brought against its customers.

A manufacturer is entitled to restrain the prosecution of infringement actions against its customers only when it has already secured a declaration of patent invalidity or noninfringement. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L. Ed. 1065; Cresta Blanca Wine Co. v. Eastern Wine Corporation, supra.

In Kahn v. Switzer the manufacturer was controlling the litigation involving its customers, so that it could be said that there was an identity of parties in the declaratory judgment and infringement actions. Nevertheless, this court refused to enjoin the licensee of the patents in question from protecting what to all intents and purposes were valid patents.

There are present here even more compelling reasons than in Kahn v. Switzer for attaching a presumption of validity to the patent in suit. The patent in suit has been the subject of litigation in three Circuits where its validity has been consistently upheld. Although these decisions are not binding upon this court, they necessarily must influence it in deciding not to enjoin further attempts to protect the patent.

Plaintiff relies upon another principle developed in the decisions that a court of equity will not permit the process of the courts to be abused by being employed vexatiously or oppressively. Maytag Co. v.

Meadows Mfg. Co., 7 Cir., 35 F.2d 403; Wagner v. Meccano, 6 Cir., 239 F. 901; Caterpillar Tractor Co. v. Galion Ironworks & Mfg. Co., D.C., 30 F.Supp. 111. It is sufficient to observe that there is no persuasive evidence that the infringement actions which plaintiff seeks to enjoin were brought in bad faith and to harass plaintiff and its customers. The prolonged history of litigation in which the patent has been upheld is testimony to a good faith attempt to protect the patent.

To recapitulate the practical and equitable considerations upon which the action of the court is based, it well may be that plaintiff properly may challenge the validity of defendants' patent by declaratory judgment action to prevent further alleged damage to its business, but it also seems proper for the defendants to protect their patent against infringement wherever found, and more particularly where the patent already has been held to be valid.

To halt the defendants and stay their actions well may result in loss or damage which cannot be recouped.

Thus, in such circumstances as are presented here, the equities and probable greater potential injury are on the side of defendants.

Accordingly, the preliminary injunction must be denied.