**SQUEEZ–A–PURSE CORPORATION, Plaintiff,**

v.

**Benjamin STILLER et al., Defendants.**

**Civ. No. 33204.**

United States District Court
N. D. Ohio, E. D.

Jan. 16, 1957.

Motion to Alter Judgment Denied
Feb. 12, 1957.

Sanford Schnurmacher, Cleveland, Ohio, William R. Liberman, New York City, for plaintiff.

Albert R. Teare, Bates, Teare & McBean, Cleveland, Ohio, J. William Freeman, Akron, Ohio, for defendants.

PAUL JONES, Chief Judge.

The plaintiff moves the court for an order restraining the defendant from prosecuting a suit presently pending in the United States District Court for the Middle Division of the District of North Carolina. This North Carolina suit alleges infringement of defendant's patent by a sales representative of plaintiff.

This plaintiff is not a party to the North Carolina suit, but since he could become a party by intervention

therein at any time, this fact should not be controlling.

Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, held that an earlier filed suit by C–O–Two in Illinois could not be stayed pending the outcome of the later-filed declaratory judgment action in Delaware on the ground that all interests would be best served by prosecution of the suit in Illinois. This court is in the opposite position, being asked to stay the proceedings in the state where the representative is being sued— Delaware in the Kerotest case. The court in Kerotest stated that it is not to be assumed that the lower courts will permit holders of weak patents to avoid real tests of their patent's validity by successive suits against customers in forums inconvenient to the manufacturers or selected because of greater hospitality to patents. This is not to say that the defendant's patent here involved is a weak one, but only that the tactics used by him are those used by holders of weak patents.

The fact that defendant filed its suit in North Carolina about four or five days before this action was commenced is of no importance under the circumstances of the controversy between the parties. The defendant has answered the complaint and added a counterclaim charging infringement of defendant's patent. Consequently the issues as to validity and infringement are joined. Complete and final adjudication can be had by the real parties in this action, but not so in the North Carolina suit.

There would seem to be no purpose in the North Carolina suit which cannot be effected here finally. This court is no less hospitable than the North Carolina court even though it is overloaded with patent, as well as other types of litigation.

Accordingly the motion will be granted.

On Motion to Alter Judgment

The defendant moves the court for an order altering its order of January 23, 1957, restraining the defendant from prosecuting an action in the Middle Division of the District of North Carolina.

 This motion is nothing more than an additional memorandum in opposition to the motion for restraining order. It cites no authority which was not considered by the court before granting the restraining order, and the court remains satisfied that priority in filing is merely one factor to be considered but deserves no greater weight than should be given to the fact that all the issues can be decided in one district while they cannot be decided in another.

Plaintiff here is not bound by the decision in a suit against his dealer unless he defends the suit or the Court of Appeals holds the patent valid and infringed.

Accordingly, the motion will be denied.