**TURBO MACHINE COMPANY and Alba-Waldensian, Inc.**

v.

**PROCTOR & SCHWARTZ, INC., and Proctor Hydro-Set Company.**

Civ. A. No. 31156.

United States District Court
E. D. Pennsylvania.

April 25, 1962.

Robert B. Frailey and Henry N. Paul, Jr., of Paul & Paul, Philadelphia, Pa., for plaintiffs.

Charles H. Howson, Jr., of Howson & Howson, Dexter N. Shaw, Philadelphia, Pa., for defendants.

FREEDMAN, District Judge.

Plaintiff, Turbo Machine Company, brought suit against Proctor & Schwartz, Inc., for a declaratory judgment that the manufacture, sale and use of its dye-boarding machines for the finishing of ladies' hosiery does not infringe the defendant's patent. Turbo is a Pennsylvania corporation and its principal place of business is at Lansdale, Pennsylvania. Proctor & Schwartz is a Pennsylvania corporation and its principal place of business is at Philadelphia. Turbo manufactures its machines at its plant in Lansdale. They are tested in Lansdale before they are shipped to the purchaser. One machine is in use at Valdes, North Carolina; it was purchased by Alba-Waldensian, Inc. Three of Turbo's machines have been sold to purchasers in Pennsylvania; two of these are in use in Reading, within this district.

After the hearing before us an amended complaint was filed in which Turbo's North Carolina customer, Alba-Waldensian, Inc., joined it as a party plaintiff. As a result, the motion of Alba-Waldensian, Inc. to intervene as a party-plaintiff is now moot and may be withdrawn, or will be dismissed as such.

In another motion Turbo sought to join as a party-defendant Proctor & Schwartz's subsidiary, Proctor Hydro-Set Company, a Pennsylvania corporation whose principal place of business is at Montgomeryville, Pennsylvania. The

amended complaint filed after the hearing before us joins Proctor Hydro-Set Company as a defendant. Hence, the motion to join it as a party-defendant is now moot and it too therefore may be withdrawn or will be dismissed as such.

What remains therefore is plaintiff's motion to enjoin the defendants from proceeding with a suit which they— Proctor & Schwartz, Inc. and Proctor Hydro-Set Company—brought against plaintiff's customer, Alba-Waldensian, Inc., in the United States District Court for the Western District of North Carolina. This suit by the present defendants was brought on March 22, 1962, nine days after Turbo had brought the present action. The suit in North Carolina alleged that plaintiff's customer, Alba-Waldensian, Inc., infringed Proctor & Schwartz's patent by the use of one of Turbo's dye-boarding machines.

It is at once evident that the present suit is identical in subject matter to the suit brought by Proctor & Schwartz and its subsidiary licensee (now its co-defendant) in North Carolina against plaintiff's customer (now its co-plaintiff). In both cases the issues to be determined are whether plaintiff's dye-boarding machine infringes the defendant's patent, and, if so, whether the defendant's patent is valid. All the parties involved are named as litigants in the suit here. In the North Carolina suit, however, the defendant is only one of Turbo's customers; Turbo itself is not a party in North Carolina and has indicated that it will not voluntarily submit to the jurisdiction of the United States District Court in North Carolina.

The chief parties are Pennsylvania corporations and their places of business are in Pennsylvania, Turbo's at Lansdale, Proctor & Schwartz's at Philadelphia, Proctor Hydro-Set's at Montgomeryville. Alba-Waldensian, which is a Delaware corporation and whose principal place of business is at Valdes, North Carolina, does not question the desirability of a resolution of the dispute in this forum and, indeed, as already indicated, has joined in the present suit as a party-plaintiff. The suit here would determine whether the manufacture and sale of the machine by Turbo and its use in North Carolina infringes defendant's patent. The North Carolina suit could only determine whether the use of Turbo's machine by Alba-Waldensian infringes defendant's patent, and could be res judicata only as to Alba-Waldensian, in the absence of Turbo as a party there. Thus a decision in the present suit would settle the issues once and for all, whereas a decision in North Carolina would permit the present suit to continue here. And it is here that the evidence and the witnesses are most conveniently to be found.

It was pointed out by Mr. Justice Frankfurter in Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952), that the Federal Declaratory Judgments Act (28 U.S.C. §§ 2201-2) facilitates litigation by different parties to many sided transactions. This, of course, magnifies the problem of pendency of litigation in various courts involving the same general subject matter and some or all of the same parties. The power of Federal District Courts in these circumstances is well settled and has been fully delineated by the highest authority. In Crosley Corporation v. Hazeltine Corp., 122 F.2d 925, 928 (3rd Cir. 1941), Circuit Judge Maris reviewed the power of the English Courts of Chancery at the time this government was established and concluded "that the English Court of Chancery had the power at the time our government was established to enjoin parties before it from proceeding in another Court in a controversy involving the same issues, and that the federal district courts, as courts of equity, have similar power." In the Crosley case Circuit Judge Maris pointed out that the problems arising when the suits are in Courts of different sovereignties are absent where both suits are pending in the Federal Courts, Courts of equal dignity within the judicial system of a single sovereignty (Supra, at p. 929), and amplified the reasons for the policy against multi-

ple litigation with its consequent economic waste in duplicating litigation, with separate appeals to courts of appeal of different circuits, the additional expense to the litigants and to the public, as well as the adverse effect upon the prompt and efficient administration of justice. These considerations, Judge Maris said, apply with especial force to patent suits brought under the Declaratory Judgments Act, which is intended to enable an alleged infringer to avoid a multiplicity of suits by the patent owner. (Supra, at p. 930).

■ The present declaratory judgment suit was filed prior to the institution of the suit in North Carolina. Although this itself is not the decisive factor, it is a consideration of some weight, especially in the absence of any showing that the second forum is more advantageous for a resolution of the issues involved. See Crosley Corporation v. Hazeltine Corporation, supra, at p. 929, quoting Chief Justice Marshall in Smith v. McIver, 9 Wheat. 532, 535, 22 U.S. 532, 535, 6 L.Ed. 152 (1824); Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872, 873 (2d Cir. 1951). See also Delamere Company v. Taylor-Bell Co., 199 F.Supp. 55 (S.D.N.Y.1961), where the injunction was against an earlier suit in North Carolina, but the New York plaintiff had given notice earlier.

■■ We recognize that an application of this kind calls upon the Court for the exercise of its equitable powers and that necessarily this vests in the Court an ample degree of discretion: Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., supra, 342 U.S. at pp. 183–184, 72 S. Ct. 219. On a careful consideration of the circumstances we are satisfied that the convenience of the parties and the interests of justice would best be served if the proceeding here went on without interference by the suit in North Carolina. Indeed, we believe this to be so clear that we think it would be an abuse of discretion not to grant the motion to enjoin the defendants from pro-

ceeding with the prosecution of their suit in the United States District Court for the Western District of North Carolina.

An appropriate form of decree may be submitted by the plaintiffs on notice to the defendants.