**SORTEX COMPANY OF NORTH AMERICA, INC., Plaintiff,**

**v.**

**MANDREL INDUSTRIES, INC., Defendant.**

Civ. A. No. 4591.

United States District Court
W. D. Michigan, S. D.

Jan. 7, 1964.

Varnum, Riddering, Wierengo & Christenson, by F. William Hutchinson, Grand Rapids, Mich., for plaintiff.

Price & Heneveld, by Peter P. Price, Grand Rapids, Mich., Baker, Botts, Shepherd & Coates, by Robert A. White, Houston, Tex., for defendant.

STARR, Senior District Judge.

Gunson's Sortex, Ltd., a British corporation with its principal office in London, England, successor to R. W. Gunson (Seeds) Ltd. of London, filed a motion for leave to intervene and file complaint as a party plaintiff in this action. In considering that motion, it is necessary to set forth the facts regarding a prior action begun by defendant Mandrel Industries, Inc., against R. W. Gunson (Seeds) Ltd. in the United States district court for the northern district of Texas, Fort Worth division. For brevity plaintiff Sortex Company of North America, Inc., a Michigan corporation, is herein referred to as Sortex, defendant Mandrel Industries, Inc., also a Michigan corporation, is referred to as Mandrel, and Gunson's Sortex, Ltd., is referred to as Gunson.

Prior to Sortex's beginning the present action, Mandrel had commenced an action in the northern district of Texas against R. W. Gunson (Seeds) Ltd. and Leonard Nut Company, a Texas corporation, herein referred to as Leonard. In that action Mandrel alleged that it was the owner of United States Letters Patent No. 3,012,666 entitled "Electrical Color Separation" and that the defendants, Gunson (Seeds) Ltd. and Leonard, were infringing said patent by making, using, and selling apparatus embodying the inventions of the patent. Mandrel asked for an injunction against further infringement by the defendants and for damages and attorney fees. In the Texas action Mandrel obtained service of process on Leonard but did not obtain service on Gunson (Seeds) Ltd. It may be noted that Sortex, plaintiff in the present action, was not made a party defendant in the Texas action.

Subsequent to Mandrel's beginning the above-mentioned suit in the United States district court in Texas, Sortex

began the present declaratory-judgment action against Mandrel in this court, alleging that an actual controversy existed between plaintiff and Mandrel as to the alleged infringement of Mandrel's patent by plaintiff and its customers, and as to the validity of said patent. In its complaint in this action plaintiff Sortex denied that it or Leonard or its other customers were infringing Mandrel's patent, and further alleged that said patent was invalid for the reasons stated. In its complaint Sortex further alleged that Mandrel was interfering with plaintiff's business by sending letters to its customers claiming that the plaintiff's sorting machines, which its customers were using, infringed Mandrel's patent. In this action plaintiff asks for a declaratory judgment determining that it and Leonard and its other customers are not infringing Mandrel's patent, and further determining that the patent is invalid. Plaintiff also asks that defendant Mandrel be enjoined, temporarily and permanently, from threatening its customers and from bringing, prosecuting or threatening any civil action for alleged infringement of said patent by plaintiff and its customers, and that plaintiff be awarded damages.

The immediate question presented is whether Gunson's Sortex, Ltd., successor to R. W. Gunson (Seeds) Ltd., which was named as a defendant in the Texas action instituted by Mandrel, is entitled to intervene and file complaint as a party plaintiff in this action. Gunson contends that it is entitled to intervene and file complaint in the present action, because Mandrel in its Texas action charged it with infringing Mandrel's patent and an actual, justiciable controversy, therefore, exists between Gunson and Mandrel. On the other hand, Mandrel denies Gunson's right to intervene on the ground that Gunson manufactures the sorting machines in England and sells them to Sortex in England and, therefore, that Gunson has not committed any act of infringement in the United States and that no actual controversy exists between Gunson and Mandrel.

The law is well established that Gunson, a foreign corporation, has the legal right to bring and prosecute actions against citizens of the United States in its district courts for causes of action arising under the laws of the United States. This right of an alien corporation under Art. 3, § 2, cl. 1, of the Constitution of the United States was recognized in The Sapphire, 11 Wall. 164, p. 167, 78 U.S. 164, p. 167, in which the Supreme Court said:

"The first question raised is as to the right of the French Emperor to sue in our courts. On this point not the slightest difficulty exists. A foreign sovereign, as well as any other foreign person, who has a demand of a civil nature against any person here, may prosecute it in our courts. To deny him this privilege would manifest a want of comity and friendly feeling."

In Price, Forbes & Co. v. Montgomery, 7 Cir., 115 F.2d 611, 613, the court recognized the right of a British corporation to bring an action in the United States courts against United States citizens, by stating in part:

"At the outset a preliminary question arises which we must dispose of before we proceed to the merits. Appellant makes the point that it does not appear that the District Court had jurisdiction of the cause. Little need be said upon this question. While it is true that in his answer the defendant stated that he had no knowledge or information sufficient to form a belief as to plaintiff's incorporation and citizenship, nevertheless in the agreement involved in this case the defendant recognized the plaintiff to be an English corporation, and in the complaint plaintiff describes itself as an English corporation duly organized and existing under and by virtue of the laws of the United Kingdom of Great Britian, a citizen and resident of England, and a non-resident of the State of Illinois. Under such a state of the record this was sufficient

to give jurisdiction, as it affirmatively appeared plaintiff was a citizen of England."

■ Under the laws of the United States a person accused of patent infringement by the patent owner has the right to a judicial determination as to the validity of the patent and its alleged infringement. In Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814, 815, the court said:

"In this case, the plaintiff alleges that the defendant has charged plaintiff with infringement of patents and that plaintiff denies it. The plaintiff is entitled to have a declaration as to whether that charge is true."

In E. J. Brooks Co. v. Stoffel Seals Corporation, D.C., 160 F.Supp. 581, 593, the court said:

"When a patentee notifies the trade that a competitor is infringing his patents, this entitles the competitor to bring an action under the Declaratory Judgments Act, 28 U.S.C. § 2201, to determine the validity of the patents and whether or not he is actually infringing them. * * * Defendant cannot create a situation of actual controversy which gives the Court jurisdiction under the Declaratory Judgments Act and then, after the commencement of suit, come into Court and seek to avoid the jurisdiction of the Court by belated concessions that there was no infringement. * * * Since there was such controversy here, plaintiff is entitled to have the Stelzer patent considered by the Court."

See also E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, 109.

■ It appears that Gunson manufactures electronic color sorting machines in England, which are sold to Sortex as the exclusive distributor of the machines in the United States. As Mandrel, defendant in the present action, has alleged in its action in Texas that Gunson (Seeds) Ltd. (predecessor of Gunson) and Leonard, a customer of plaintiff, are infringing Mandrel's patent, it is clear that an actual, justiciable controversy created by Mandrel, exists between Mandrel on the one hand and Gunson and Sortex on the other. As an actual controversy exists, it is further clear that plaintiff Sortex and Gunson are both entitled to maintain an action for a declaratory judgment as to the validity and infringement of Mandrel's patent 3,012,666.

Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C., provides:

"Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

The present declaratory-judgment action by Sortex as plaintiff against Mandrel as defendant involves questions of law and fact as to the validity of the Mandrel patent and as to the alleged infringement of the patent. The proposed complaint by intervening plaintiff Gunson involves the same questions of fact and law as to the validity of the Mandrel patent and as to the alleged infringement of that patent. The authorities cited by Mandrel in opposing Gunson's right to intervene in this action are all distinguishable and do not support Mandrel's contention.

For the reasons herein stated the court concludes that under Rule 24(b) the motion by Gunson for leave to intervene and file complaint in this action should be granted. An order granting leave to intervene will accordingly be entered.