**SORTEX COMPANY OF NORTH AMER-
ICA, Inc., and Gunson's Sortex,
Ltd., Plaintiffs,**

v.

**MANDREL INDUSTRIES, INC.,
Defendant.**

**Civ. A. No. 4591.**

United States District Court
W. D. Michigan, S. D.

Feb. 27, 1964.

See also D.C., 225 F.Supp. 877.

Varnum, Riddering, Wierengo &
Christenson, by F. William Hutchinson,
Grand Rapids, Mich., for plaintiffs.

Price & Heneveld, by Peter P. Price,
Grand Rapids, Mich., Baker, Botts, Shep-
herd & Coates, by Robert A. White, Hous-
ton, Tex., for defendant.

STARR, Senior District Judge.

Plaintiff Sortex Company of North
America, Inc., a Michigan corporation, is
engaged in the business of leasing, sell-
ing, and servicing electronic color sorting
machines, which are manufactured in
England by plaintiff Gunson's Sortex,
Ltd., a British corporation, successor to
R. W. Gunson (Seeds) Ltd. Sortex
Company purchases the sorting machines
from Gunson's Sortex, Ltd., in England
and is the exclusive distributor of the
machines in the United States. Defend-
ant Mandrel Industries, Inc., also a Mich-
igan corporation, is the owner of United
States Letters Patent No. 3,012,666 en-
titled "Electrical Color Separation" and
is also engaged in the manufacture and
sale of color sorting machines. For
brevity plaintiff Sortex Company of
North America, Inc., is herein referred
to as Sortex, plaintiff Gunson's Sortex,
Ltd., is referred to as Gunson, and de-
fendant Mandrel Industries, Inc., is re-
ferred to as Mandrel.

On August 21, 1963, Mandrel com-
menced an action in the United States
District Court for the Northern District
of Texas against R. W. Gunson (Seeds)
Ltd., predecessor of Gunson, and Leon-
ard Nut Company, herein referred to as
Leonard, a Texas corporation and a cus-
tomer of Sortex. In that action Mandrel
alleged that it was the owner of patent
No. 3,012,666 and that R. W. Gunson
(Seeds) Ltd. and Leonard were infring-
ing its patent by making, using, and sell-
ing apparatus embodying the invention
of the patent. In the Texas action Man-
drel asked for an injunction against fur-
ther infringement by the defendants and
for damages and attorney fees. In the
Texas action Mandrel obtained service
of process on Leonard but did not obtain
service on Gunson (Seeds) Ltd. It may
be noted that Sortex, plaintiff in the
present action, was not made a party in
the Texas action.

Subsequent to Mandrel's beginning the
above-mentioned suit in Texas on August

21, 1963, plaintiff Sortex on September 11th began the present declaratory-judgment action against Mandrel in this court, alleging that an actual controversy existed between Sortex and Mandrel as to the alleged infringement of Mandrel's patent by Sortex and its customers, and as to the validity of said patent. In its complaint in this action Sortex denied that it or Leonard or its other customers were infringing Mandrel's patent and alleged that said patent was invalid for the reasons stated. In its complaint Sortex further alleged that Mandrel was interfering with plaintiff's business by sending letters to its customers, claiming that the plaintiff's sorting machines which its customers were using infringed Mandrel's patent. In its complaint Sortex asked for a declaratory judgment determining that it and Leonard Nut Company, and its other customers are not infringing Mandrel's patent and further determining that the patent is invalid. Sortex also asked that Mandrel be enjoined temporarily and permanently from threatening its customers and from bringing, prosecuting or threatening any civil action for alleged infringement of said patent by plaintiff and its customers, and that plaintiff be awarded damages.

At the time plaintiff Sortex began the present action, it also filed a motion for a temporary injunction enjoining Mandrel from prosecuting or taking any further steps in the prosecution of the action it had begun in Texas and from annoying, harassing or intimidating plaintiff's customers or prospective customers or commencing suits against them for infringement of the Mandrel patent. An order was issued by this court directing Mandrel to show cause why the plaintiff's motion for a temporary injunction should not be granted. On October 17, 1963, a hearing was held on the order to show cause, and the court reserved decision on the motion, pending the filing of briefs by counsel for the parties.

On October 21st, subsequent to the hearing on the order to show cause, Gunson filed a motion for leave to intervene in this action as a party plaintiff and to file a complaint, and on January 7, 1964, this court filed an opinion (225 F.Supp. 877) and an order was entered granting Gunson leave to intervene as a party plaintiff and file complaint. Accordingly, on January 11th, Gunson and Sortex filed a joint complaint as plaintiffs, and on January 30th Gunson filed notice that it joined in the motion by Sortex for a temporary injunction and adopted the affidavits and briefs previously filed in support of said motion. Therefore, this court will consider the motion filed by Sortex for a temporary injunction as a joint motion by Sortex and Gunson.

In the infringement action begun by Mandrel in Texas, it specifically alleged that R. W. Gunson (Seeds) Ltd., predecessor of Gunson, and Leonard, a customer to whom Sortex had sold Gunson's machines, were infringing Mandrel's patent. Therefore, in the Texas action Mandrel directly raised the issue as to infringement of its patent by Gunson, manufacturer of the sorting machines which Sortex had sold to Leonard and other customers. However, Sortex was not made a party defendant in the Texas action, and Gunson has indicated that it will not voluntarily join in the Texas action.

In support of their motion for a temporary injunction plaintiffs Sortex and Gunson contend that decision in the Texas suit will only determine the question of infringement of Mandrel's patent by Leonard Nut Company and will not finally determine the issues of infringement of that patent by Gunson and Sortex with respect to other Gunson sorting machines sold by Sortex to other customers in other parts of this country, and will not finally determine the issue as to the validity of the Mandrel patent. Plaintiffs further contend that as Gunson, the manufacturer of the sorting machines in question, and Sortex, exclusive distributor of Gunson's machines in the United States, and Mandrel, the owner of the patent in suit, are all parties in the present action, the decision of this court will finally determine all issues of

infringement, and also the issue as to the validity of Mandrel's patent. Therefore, plaintiffs contend that in order to prevent further needless and wasteful litigation, this court should stay the proceedings in the Texas action until final determination of all issues between the principal parties in a trial on the merits in this court.

In support of their contention that this court should stay the proceedings in the Texas action plaintiffs cite Squeez-A-Purse Corporation v. Stiller, D.C., 149 F. Supp. 60. In that case in this judicial circuit the factual situation involved was practically identical to the factual situation in the present case, and the decision is directly applicable to the question as to the plaintiffs' right in the present case to a temporary injunction enjoining further proceedings in the Texas action. The defendant, Stiller, had begun an action in the district court of North Carolina against a sales representative of Squeez-A-Purse for infringement of Stiller's patent. A few days later Squeez-A-Purse began a declaratory-judgment action against Stiller in the northern district of Ohio and moved for an order restraining the defendant from prosecuting the North Carolina action. In granting the plaintiff's motion in the Ohio action for an order restraining the defendant from prosecuting the North Carolina action, the court said:

"This plaintiff is not a party to the North Carolina suit, but since he could become a party by intervention therein at any time, this fact should not be controlling. * * *

"The fact that defendant filed its suit in North Carolina about four or five days before this action was commenced is of no importance under the circumstances of the controversy between the parties. The defendant has answered the complaint and added a counterclaim charging infringement of defendant's patent. Consequently the issues as to validity and infringement are joined. *Complete and final adjudication can be had by the real parties in this action, but not so in the North Carolina suit.*

"There would seem to be no purpose in the North Carolina suit which cannot be effected here finally. * * *

"On Motion to Alter Judgment * * *

"[T]he court remains satisfied that priority in filing is merely one factor to be considered but deserves no greater weight than should be given to the fact that all the issues can be decided in one district while they cannot be decided in another."

In further support of their contention that this court should stay the proceedings in the Texas action, plaintiffs cite Turbo Machine Company v. Proctor & Schwartz, Inc., D.C., 204 F.Supp. 39. In that case Turbo, a Pennsylvania corporation, brought suit in the eastern district of Pennsylvania against Proctor & Schwartz, also a Pennsylvania corporation, for a declaratory judgment that certain machines manufactured and sold by Turbo did not infringe the defendant's patent. Later a subsidiary of Proctor & Schwartz, Proctor Hydro-Set Company, joined in the Pennsylvania action as a defendant. Nine days later Proctor & Schwartz and its subsidiary began an action against Alba-Waldensian, Inc., a customer of Turbo, in the western district of North Carolina, alleging that plaintiff's customer infringed Proctor & Schwartz's patent by the use of one of Turbo's machines. Turbo filed a motion in the Pennsylvania action to enjoin the defendants from proceeding with the North Carolina suit. In its opinion granting plaintiff's motion the court said, 204 F.Supp. 41, 42:

"The suit here would determine whether the manufacture and sale of the machine by Turbo and its use in North Carolina infringes defendant's patent. The North Carolina suit could only determine whether the use of Turbo's machine by Alba-Waldensian infringes defendant's patent, and could be res judicata

only as to Alba-Waldensian, in the absence of Turbo as a party there. Thus a decision in the present suit would settle the issues once and for all, whereas a decision in North Carolina would permit the present suit to continue here. * * *

"The present declaratory judgment suit was filed prior to the institution of the suit in North Carolina. Although this itself is not the decisive factor, it is a consideration of some weight. * * *

"We recognize that an application of this kind calls upon the Court for the exercise of its equitable powers and that necessarily this vests in the Court an ample degree of discretion: Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., supra, 342 U.S. [180] at pp. 183–184, 72 S.Ct. 219 [96 L. Ed. 200]. On a careful consideration of the circumstances we are satisfied that the convenience of the parties and the interests of justice would best be served if the proceeding here went on without interference by the suit in North Carolina. Indeed, we believe this to be so clear that we think it would be an abuse of discretion not to grant the motion to enjoin the defendants from proceeding with the prosecution of their suit in the United States District Court for the Western District of North Carolina."

Plaintiffs also cite Delamere Company v. Taylor-Bell Co., D.C., 199 F.Supp. 55. It appears that defendant Taylor-Bell, a New York corporation, had begun an action in the western district of Virginia against a customer of plaintiff Delamere Company, a Delaware corporation, for infringement of its patent. Subsequently Delamere Company brought an action in the southern district of New York against Taylor-Bell for a declaratory judgment that the defendant's patent was invalid. In granting a motion by Delamere Company to enjoin the defendant, Taylor-Bell, from proceeding with the action in Virginia, the court said, 199 F.Supp. 56–59:

"The fragmentation of patent litigation is neither novel nor noble. See Rayco Mfg. Co. v. Chicopee Mfg. Corp., D.C., 148 F.Supp. 588, 592.

"On several occasions when a declaratory judgment suit of this sort was followed by an infringement suit in another district by the original defendant against a customer of the first plaintiff, the courts of this circuit have stayed the proceedings against the customer. Remington Products Corp. v. American Aerovap, Inc., D.C., 97 F.Supp. 644, aff'd 2 Cir., 192 F.2d 872; Helene Curtis Industries, Inc., v. Sales Affiliates, Inc., D.C., 105 F.Supp. 886, aff'd 2 Cir., 199 F.2d 732; Telephonics Corp. v. Lindly & Co., D.C., 192 F. Supp. 407, aff'd 2 Cir., 291 F.2d 445. * * *

"An obvious difference between this case and those cited above—and, it is urged by Taylor-Bell, a controlling one—is the chronology of the two suits. In the cited cases, the customer suits which were enjoined were commenced *after* the suit between the competing manufacturers. * * * *Here the Virginia suit against the customer preceded the declaratory judgment suit by three weeks. * * * However that may be, priority of suit alone creates no absolute right.* At most, it may do no more than determine which party has the burden of showing the 'balance of "convenience" '. * * * But here the question is not whether one suit between the same parties should be tried in one district or another, but whether two suits between different combinations of parties on the same basic issues should be allowed to proceed simultaneously in two forums. *In resolving this question district courts necessarily have wide discretion.* Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183–184, 72 S.Ct. 219, 96 L.Ed. 200. * * *

"Delamere * * * is a manufacturer, and it has been charged

with a direct infringement in the counterclaim filed in the declaratory judgment suit. * * * [A]ll the issues present in the prior suit are present in this suit; anticipating that Woolworth will be brought into this suit, all the parties are here present, also.

"The motion to enjoin the defendant from proceeding with the Virginia suit is granted."

In opposition to plaintiffs' motion for a temporary injunction defendant Mandrel contends that its Texas suit has priority because it was begun before the present declaratory-judgment action in this court, and that it should not be forced to forego its right to litigate its charge of infringement against Leonard, one of Sortex's customers, in Texas. It may be noted that Mandrel is a Michigan corporation and does a substantial volume of business in Michigan, although it claims that its executive offices are in California and that its principal activities in the field of electric sorting machines are in Texas. However, it is clear that Gunson, successor to R. W. Gunson (Seeds) Ltd., the manufacturer of the accused machines, could not be forced to intervene in the Texas action and that a decision in that action would not be binding on Gunson or on Sortex, the distributor of the Gunson sorting machines in the United States.

In support of its contention that this court should not interfere with its right to proceed with its action in the forum of its choice, Mandrel cites the case of Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. In that case C-O-Two, a Delaware corporation, began an action in the northern district of Illinois against a customer of Kerotest, a Pennsylvania corporation, for infringement of its patents. Kerotest later joined in the Illinois suit as a defendant. Subsequently, Kerotest began a declaratory-judgment action in the district court of Delaware against C-O-Two for a determination that the patents sued on in the Illinois action were invalid and that the devices manufactured by Kerotest did not infringe the C-O-Two patents. The district court of Delaware enjoined C-O-Two from proceeding in the Illinois suit against Kerotest. On appeal the Court of Appeals reversed, concluding that as all parties were present in the Illinois action, all interests would best be served by prosecution of that suit. The Supreme Court affirmed the decision of the Court of Appeals, stating in part, 342 U.S. 183–186, 72 S.Ct. 221–222, 96 L.Ed. 200:

"The Federal Declaratory Judgments Act, facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts. Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. *Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.* * * *

"The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit, and a judgment in his favor bars suits against his customers. *If he is anticipated, the court's discretion is broad enough to protect him from harassment of his customers. If the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined*

*as a defendant, the manufacturer may be permitted simultaneously to prosecute a declaratory action against the patentee elsewhere."*

From the foregoing it is clear that the Supreme Court has left to the lower courts an "ample degree of discretion" to give regard to "conservation of judicial resources and comprehensive disposition of litigation" in disposing of problems such as that raised by plaintiffs' motion for a temporary injunction against further prosecution of defendant's Texas action.

Mandrel contends that as its main office and plant facilities are located at Houston, Texas, the northern district of Texas is a convenient forum for its infringement action against Leonard and that a trial of plaintiffs' declaratory-judgment action in Michigan would be inconvenient. The court is aware of these facts, but it is convinced that the advantage of a complete and final judicial determination in the present action in this court of the issues as to the validity of Mandrel's patent and its infringement by the machines manufactured by Gunson and distributed by Sortex, would far outweigh the inconvenience of a trial in Texas.

Mandrel contends that this court should follow the rule of noninterference with the proceedings of another court of equal jurisdiction and, therefore, should not enjoin further prosecution of the proceedings in the Texas action. In support of this contention Mandrel cites American Seeding Mach. Co. v. Dowagiac Mfg. Co., 6 Cir., 241 F. 875; Joseph Bancroft & Sons Co. v. Spunize Co. of America, 2 Cir., 268 F.2d 522; Arthur Kahn Co. v. Switzer Bros., D.C., 101 F. Supp. 538; Arthur Kahn Co. v. Switzer Bros., D.C., 101 F.Supp. 541; and Gordon Johnson Co. v. Hunt, D.C., 101 F. Supp. 539. The court has examined these authorities and concludes that the factual situation involved and the legal questions presented in each case distinguish them from the present action.

The decisions in the two above-cited Arthur Kahn cases would seem to sustain the defendant's contention that further prosecution of the Texas action should not be enjoined, but it is significant and should be noted that the same court in the later case of Squeez-A-Purse Corporation v. Stiller, supra, 149 F.Supp. 60, reached a contrary conclusion and, in effect, overruled its two earlier Kahn cases. In the Gordon Johnson case cited by Mandrel the defendant's patent had been held valid and, therefore, the court held that its actions against plaintiff's customers for infringement should not be enjoined. The Gordon Johnson case is clearly distinguishable, as the Mandrel patent involved in the present action has not been held valid. In the Joseph Bancroft and Sons Co. case, supra, 268 F.2d 522, cited by Mandrel, Spunize began an action in the United States District Court of North Carolina, charging the Duplan Corporation, a licensee of Bancroft, with infringement of the Spunize patent. Bancroft then began a declaratory-judgment action in the district court of Connecticut, alleging that the Spunize patent was invalid, and moved for an injunction against further prosecution of the North Carolina suit. Spunize filed a motion to dismiss the action in Connecticut or, in the alternative, to transfer it to the middle district of North Carolina or to stay it. Bancroft then moved for an injunction to restrain Spunize from prosecuting its infringement action against Duplan in North Carolina. On appeal the district court's denial of Spunize's motion to dismiss or stay the declaratory-judgment action was affirmed. In affirming the denial of Bancroft's motion to enjoin prosecution of the North Carolina suit on the ground that the declaratory-judgment action would not be decisive of all issues between the parties, the appellate court said, 268 F.2d 524:

"Bancroft has not been charged with direct infringement of Spunize's patent. Bancroft itself does not make and sell yarns, nor is it in

privity with its licensees in the same sense as is a manufacturer with its customers. It does not appear that Bancroft 'actively induces' infringement by Duplan so as to make it a contributory infringer as defined in 35 U.S.C.A. § 271(b). All the complaint alleges, paragraph 10, is that Bancroft is 'a participant in and a beneficiary of acts of producing the product alleged to infringe,' and the affidavits fall short of showing active inducement to infringe. Indeed, Duplan is not required by its license to make yarn of a synthetic resin material. Most of Bancroft's process patents do not relate to yarns of such material. It is optional with the licensee whether to make yarn of the type charged by Spunize to infringe its patent or to make other yarns of a non-accused type. And as already noted a judgment in the Connecticut court cannot affect Bancroft's licensees at large."

It is clear that the factual situation and the legal questions presented in the Bancroft case distinguish it from the present action, and it does not sustain Mandrel's contention that prosecution of its Texas action should not be enjoined.

In American Seeding Mach. Co. v. Dowagiac Mfg. Co., supra, the Court of Appeals for this judicial circuit said, 241 F. 877:

"It is the general rule, strongly fortified by both reason and authority, that one will not be restrained by injunction from proceeding with a pending suit in equity in the courts of another jurisdiction, either state or federal, *except to prevent a manifest wrong or injustice, or, otherwise stated, unless it clearly appears that full and complete relief cannot be obtained in such pending suit.*"

The above rule stated in the American Seeding Machine case supports the plaintiffs' contention that this court should enjoin further proceedings in Mandrel's action in Texas, because it clearly appears that full and complete relief cannot be obtained in that suit as to the issues of the infringement of Mandrel's patent by Gunson and Sortex and as to the validity of Mandrel's patent.

■ From consideration of all the facts and circumstances involved and the authorities cited the court concludes: (1) That as the principal parties in interest, Gunson, Sortex, and Mandrel, are all before this court in the present declaratory-judgment action, complete and final adjudication of the issues as to the infringement and validity of Mandrel's patent can be had in this action; (2) as Gunson and Sortex, two of the principal parties in interest, are not parties in the Texas action, complete and final adjudication of the issues of infringement and validity of patent cannot be determined in that action; and (3) that the ends of justice will best be served by trial and adjudication of the issues of infringement and validity of patent in the present action. Therefore, in the exercise of its discretion and for the reasons stated, the court concludes that plaintiffs' motion for a temporary injunction against further prosecution by Mandrel of its action against Leonard Nut Company in the northern district of Texas should be granted.

■ In their motion for a temporary injunction plaintiffs also ask that Mandrel be enjoined from annoying, harassing or intimidating customers or prospective customers of Sortex by threatening or commencing suits against them for infringement of Mandrel's patent. It appears that a few days after beginning the Texas action Mandrel had its attorneys send letters to two of Sortex's customers reading as follows:

"Our client, Mandrel Industries, Inc. has developed and is engaged in the manufacture of bi-chromatic electric sorting machines which offer several novel features to users of this type of equipment. Such features are covered by its U. S. Patent No. 3,012,666, which was issued on December 12, 1961.

"It recently has come to Mandrel's attention that R. W. Gunson (Seeds) Ltd. is manufacturing and selling similar sorting machines identified as the Sortex G3S and G414, and Mandrel believes that these units incorporate certain of the features disclosed and claimed in the above-identified patent. As the Gunson Company has its headquarters in Great Britain, it was necessary to bring an action against one of the purchasers of a Gunson machine in order to obtain a judicial determination of the merits of Mandrel's complaint. This matter presently is pending before the United States District Court for the Northern District of Texas.

"Our present purpose is to bring this matter to your attention and advise that Mandrel is actively asserting its contention that the manufacture, use or sale of a Sortex G3S or G414 unit constitutes an infringement of its patent rights."

In their motion for a temporary injunction plaintiffs allege that Mandrel is using the fact of its pending action in Texas against Leonard to intimidate prospective customers of Sortex into leasing or buying defendant's machines instead of plaintiffs' machines, and causing customers and prospective customers of Sortex to believe that they may be sued by defendant, all of which has caused plaintiffs irreparable injury. In support of its contention that it has the right to notify Sortex's customers that it claims the use of the Gunson sorting machines infringe its patent, Mandrel cites Oil Conservation Engineering Co. v. Brooks Engineering Co., 6 Cir., 52 F. 2d 783; Coats Loaders & Stackers v. Henderson, 6 Cir., 233 F.2d 915; Bechik Products v. Flexible Products, 2 Cir., 225 F.2d 603; National Steel Cabinet Company v. Monarch Metal Products Corporation, D.C., 121 U.S.P.Q. 509.

The foregoing authorities appear to sustain Mandrel's contention that, in the absence of bad faith on its part, it was justified in notifying customers of Sortex that it claimed their use of the Gunson machines constituted an infringement of its patent rights. However, the question as to whether or not Mandrel was guilty of bad faith in so notifying customers of Sortex can only be determined from consideration of the testimony adduced in a trial of the present action on the merits.

The issue of infringement of the Mandrel patent and the issue as to the validity of that patent are now before this court in plaintiffs' present declaratory-judgment action, and those issues will be finally determined in a trial of that action on the merits. In the meantime, pending trial of the present action, Mandrel should not be permitted to threaten or intimidate customers and prospective customers of Sortex by writing and informing them of its infringement action in Texas or the claims it may make in the present declaratory-judgment action. The court is convinced that, pending final determination of the issues of infringement and validity of patent in the present action in this court, Mandrel should be enjoined from in any way annoying, harassing or intimidating customers of Sortex by threatening them with suits for infringement of its patent, and that the plaintiffs' motion for an order enjoining such action by Mandrel should be granted.

An order will accordingly be entered granting plaintiffs' motion for a temporary injunction, (1) restraining defendant Mandrel Industries, Inc., from prosecuting or taking any further steps in the prosecution of Civil Action No. 4–63–105 in the United States District Court for the Northern District of Texas, Fort Worth Division, entitled Mandrel Industries, Inc., v. R. W. Gunson (Seeds) Ltd. and Leonard Nut Company, pending final determination of the present declaratory-judgment action in this court; and (2) restraining defendant from annoying, harassing or intimidating customers or prospective customers of plaintiffs by threatening or commencing suits against

them for infringement of the Mandrel patent, pending final determination of the present action.

Defendant Mandrel has not answered the joint complaint filed by plaintiffs Gunson and Sortex, and it is granted 20 days within which to file its answer.