**S.C. JOHNSON & SON, INC.,**
Plaintiff-Appellee,

v.

**CARTER–WALLACE, INC.,**
Defendant-Appellant.

**S.C. JOHNSON & SON, INC.,**
Plaintiff-Appellant,

v.

**CARTER–WALLACE, INC.,**
Defendant-Appellee.

Appeal Nos. 85–2191, 85–2287.

United States Court of Appeals,
Federal Circuit.

Jan. 8, 1986.

Before FRIEDMAN, Circuit Judge, MILLER, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

On this appeal and cross-appeal, the decision of the U.S. District Court for the Southern District of New York is affirmed on the issues of validity and willful infringement, and vacated and remanded on the issues of attorney fees and damages.

The background of this litigation and the issues at trial and here appealed are set out in the district court's extensive opinion, and are not repeated. *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 225 USPQ 1022 (S.D.N.Y.1985).

I.

In Appeal No. 85–2191 appellant Carter-Wallace assigns error to, first, the district court's holding that claims 1, 3, 10, 13, and 16 of Monson U.S. Patent No. 3,541,581 are not invalid for obviousness in terms of 35 U.S.C. § 103; second, the finding that Carter-Wallace infringed these claims and that the infringement was willful; and third, the ruling that the Monson patent is not unenforceable for inequitable conduct.

We have reviewed the entire record, and considered the arguments of both sides. We discern no error of law or fact by the district court on these issues, and affirm the decision of the district court on the basis of its published opinion.

Jerome G. Lee, Morgan, Finnegan, Pine, Foley & Lee, New York City, argued for defendant-appellant. With him on the brief was Stephen R. Lang, Breed, Abbott & Morgan, New York City. J. Robert Dailey, John F. Sweeney, William S. Feiler and Jay M. Brown, Morgan, Finnegan, Pine, Foley & Lee, New York City, of counsel.

Robert L. Baechtold, Fitzpatrick, Cella, Harper & Scinto, New York City, argued for plaintiff-appellee. With him on the brief were Henry J. Renk and Nicholas N. Kallas, of counsel.

The district court provides thorough explanation of its finding that Carter-Wallace's infringement was willful. As the district court stated, "Carter had no opinion on the question of infringement on which it could reasonably rely in good faith", and "did not fulfill its affirmative duty to exercise due care to determine whether or not it was infringing the Monson Patent". *S.C. Johnson*, 225 USPQ at 1043. *See Underwater Devices, Inc. v. Morrison-Knudsen Co., Inc.*, 717 F.2d 1380, 1389, 219 USPQ 569, 576 (Fed.Cir. 1983).

With respect to the asserted inequitable conduct in the Patent and Trademark Office, the district court had ruled that Carter-Wallace "unduly delayed raising the alleged incident of fraud" until after S.C. Johnson had closed its case, and had refused to allow Carter-Wallace to amend the Pretrial Order and to adduce evidence on this point. The court reaffirmed this position in its opinion denying Carter-Wallace's motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b). *S.C. Johnson & Sons, Inc. v. Carter-Wallace, Inc.*, 225 USPQ 968 (S.D.N.Y.1985). We have carefully considered the matter, and discern no abuse of discretion in the district court's ruling.

## II.

In Appeal No. 85–2287 appellant S.C. Johnson contends that in view of the determination that Carter-Wallace's infringement was willful, the district court erred in declining to award attorney fees to S.C. Johnson, and in declining to increase the damages for Carter-Wallace's infringement.

The award of attorney fees is authorized by 35 U.S.C. § 285 in "exceptional cases". In *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 471, 227 USPQ 368, 372 (Fed.Cir.1985), this court observed that the "[a]llowance of fees only in exceptional cases is based on the premise that courts should attempt to strike a balance between the interest of the patentee in protecting his statutory rights and the interest of the public in confining such rights to their legal limits". *See also Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692, 222 USPQ 97, 100 (Fed.Cir), *cert. denied,* — U.S. ——, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984) (reviewing the legislative history of section 285).

S.C. Johnson points to the heavy weight of authority to the effect that a finding of willful infringement and "exceptional case" go hand in hand, and presses the view that it was an abuse of judicial discretion to deny attorney fees in these circumstances.

District courts have tended to award attorney fees when willful infringement has been proven, and this court has uniformly upheld such awards. In *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 227 USPQ 435 (Fed.Cir.1985), this court affirmed the award of attorney fees based on a jury finding of willfulness. The trial court in that case stated that the defendants' conduct was such as to make it "grossly unfair" for the plaintiff "to sustain the expense of counsel". *Id.* at 482, 227 USPQ at 438. In *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761 F.2d 649, 656–57, 225 USPQ 985, 989–90 (Fed.Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 230, 88 L.Ed.2d 229 (1985), this court found no abuse of discretion in the district court's award of double damages pursuant to 35 U.S.C. § 284 and attorney fees under section 285, upon affirming the district court's finding of willful infringement. *See also Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540, 1547–48, 221 USPQ 1, 8–9 (Fed.Cir.1984) (willful infringement found; treble damages and attorney fees awarded); *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 742–43, 220 USPQ 845, 851 (Fed.Cir.1984) (willful infringement found; treble damages); *Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1577–78, 220 USPQ 490, 493 (Fed.Cir.1983) (willful infringement found; double damages and attorney fees); *Underwater Devices*, 717 F.2d at 1390, 219 USPQ at 577 (willful infringement; treble damages); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068–69, 219 USPQ 670, 678 (Fed.Cir.1983) (willful infringement; treble damages and attorney fees).

When infringement was found not willful, the district court's denial of attorney fees or increased damages has not been disturbed. *See American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 464–66, 227 USPQ 299, 302–03 (Fed.Cir.1985); *King Instruments Corp. v. Otari Corp.*, 767 F.2d 853, 866–67, 225 USPQ 402, 411–12 (Fed.Cir.1985); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 628, 225 USPQ 634, 644 (Fed.Cir.), *cert. dismissed,* — U.S. ——, 106 S.Ct.

340, 88 L.Ed.2d 326 (1985). When a holding of willful infringement was reversed or vacated on appeal, this court also reversed or vacated awards of attorney fees or increased damages premised on such holding. *See, e.g., State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1238, 224 USPQ 418, 426 (Fed.Cir.1985); *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20, 223 USPQ 591, 597–98 (Fed.Cir.1984); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1564–65, 219 USPQ 377, 388 (Fed.Cir.1983).

Recently this court remanded a case to the district court for the purpose of reconsidering its denial of attorney fees and increased damages, in light of our holding on appeal that the court erred in failing to find that appellant's infringement was willful. *CPG Products Corp. v. Pegasus Luggage, Inc.*, 776 F.2d 1007, 1015, 227 USPQ 497, 502 (Fed.Cir.1985). *See also Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455, 227 USPQ 293, 298 (Fed. Cir.1985).

In the case at bar, the district court offered no explanation of its conclusion that this was not an "exceptional case" despite the finding of willful infringement. The court said only that awards of attorney fees "are to be made sparingly and not as a matter of course". *S.C. Johnson*, 225 USPQ at 1043. The district court intertwined its ruling on whether this was an "exceptional case", in terms of 35 U.S.C. § 285, with its decision not to award attorney fees. The former is a factual finding, subject to appellate review on the clearly erroneous standard, *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1583, 226 USPQ 821, 824 (Fed.Cir.1985), and the latter is a matter of judicial discretion, as discussed *infra*.

█ The district court, at the end of a lengthy and well reasoned opinion, offered no findings, other than the compelling fact of willful infringement, on which we may base our review of the court's conclusion that this is not an exceptional case. In *Reactive Metals*, 769 F.2d at 1582, 226 USPQ at 824, we stated that it was incumbent on the trial court to articulate the basis for a finding of exceptional circumstances. *See also Hughes v. Novi American, Inc.*, 724 F.2d 122, 124, 220 USPQ 707, 709 (Fed.Cir.1984); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1564–65, 219 USPQ 377, 388 (Fed.Cir.1983). It is equally necessary for the trial court to explain why this is not an exceptional case in the face of its express finding of willful infringement.

█ Even an exceptional case does not require in all circumstances the award of attorney fees. Many factors could affect this result. The trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser.

█ The exercise of discretion, although granting a broad scope to the trial court, is not unrestrained. The court's choice of discretionary ruling should be in furtherance of the policies of the laws that are being enforced, as informed by the court's familiarity with the matter in litigation and the interest of justice. *See Yarway Corp. v. Eur-Control USA, Inc.*, 775 F.2d 268, 277, 227 USPQ 352, 358 (Fed.Cir.1985); *see also Rohm & Hass Co., supra*. We are unable to provide appellate review to the court's exercise of discretion in this matter, absent some explanation of the court's reasoning. Fed.R.Civ.Proc. 52(a).

We vacate that portion of the judgment denying attorney fees on the basis that this is not an exceptional case under 35 U.S.C. § 285, and remand to the district court for clarification.

█ The district court need not have found this case to be exceptional to have awarded increased damages under 35 U.S.C. § 284 based on willful infringement. The measure of damages, as indeed the assessment of attorney fees, provides an opportunity for the trial court to balance equitable concerns as it determines whether and how to recompense the successful litigant. S.C. Johnson urges that the find-

ing of willful infringement places this case in the category where most courts have granted increased damages, and that it was an abuse of judicial discretion not to have done so. *See Kori Corp., supra.* Although the discretionary authority of the trial court will not be lightly disturbed, in view of the finding of willful infringement we also vacate the decision refusing increased damages under 35 U.S.C. § 284, and remand for clarification by the district court.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.