897 F.2d 539
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DEL MAR AVIONICS, INC., Plaintiff/Cross-Appellant,
v.
QUINTON INSTRUMENT COMPANY, Defendant-Appellant.
 Nos. 89-1437, 89-1466.
 United States Court of Appeals, Federal Circuit.
 Feb. 16, 1990.
Rehearing Denied March 19, 1990.
Suggestion for Rehearing In Banc Declined April 16, 1990.
 
 Before PAULINE NEWMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Western District of Washington, Del Mar Avionics, Inc. v. Quinton Instrument Company, No. C78-466Z (W.D.Wash. March 29, 1989), is affirmed.
 
 OPINION
 
 2
 We affirm on the basis of the reasoning of the district court. The long history of this litigation, and the facts and issues before the district court, need not be repeated. We have given careful attention to all the arguments on appeal and cross-appeal. Although irregular, we have considered Quinton's Post Hearing Submission. The motion to file the submission is granted.
 
 
 3
 * The district court properly determined damages based on lost profits. With respect to the entire market value measure, we do not discern clear error in the district court's conclusion, in view of the nature of this equipment and the way it is sold.
 
 
 4
 The holding of willfulness was previously affirmed by this court, and is not before us. Whether the damages are measured by royalty or lost profits or, as the district court held, a mixture of these measures, is unrelated to the multiplier. The court's ruling on this point has not been shown to be in error.
 
 
 5
 The trial court has discretion to award attorney fees for the entire proceedings, including appeals along the way. It was not an abuse of the district court's discretion to include the attorney fees incurred for the prior appeal. The question is not whether the appeal was an "exceptional appeal", but whether the entire litigation was an "exceptional case" in terms of 35 U.S.C. Sec. 285. Since the holding of willfulness had been upheld on appeal, the holding of exceptional case was within the district court's discretionary authority. See generally S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986).
 
 II
 
 6
 On cross-appeal, Del Mar objects to the district court's limitation of damages to a royalty of 5% for the year in which Del Mar showed no profits. In view of all the circumstances this ruling is reasonable, and is affirmed.
 
 
 7
 BALDWIN, Senior Circuit Judge, dissenting-in-part.
 
 
 8
 I respectfully dissent from the majority opinion on the issue of attorney fees for the prior appeal. Although it is within the district court's discretion to award attorney fees for prior appeals in certain circumstances, see PPG Indus. v. Celanese Polymer Specialties, Co., 840 F.2d 1565, 1569, 6 USPQ2d 1011, 1014 (Fed.Cir.1988), I do not believe that attorney fees for the prior appeal were warranted in this instance.