907 F.2d 158
 17 U.S.P.Q.2d 1384
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DEUER MANUFACTURING, INC., Plaintiff-Appellant,
v.
KENT PRODUCTS, INC., White Cloud Products, Inc. and Lake
Manufacturing, Defendants/Cross-Appellants.
 Nos. 89-1583, 89-1588.
 United States Court of Appeals, Federal Circuit.
 June 12, 1990.
Rehearing Denied July 6, 1990.
Suggestion for Rehearing In Banc Declined in No. 89-1583
July 30, 1990.
 
 Before MAYER, Circuit Judge, BALDWIN and FRIEDMAN, Senior Circuit Judges.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Deuer Manufacturing, Inc. ("Deuer") appeals the portion of the judgment of the United States District Court for the Eastern District of Michigan, Deuer Mfg., Inc. v. Kent Prods., Inc., No. 87 CV 74583 (E.D.Mich. Dec. 23, 1988) (as amended on June 1, 1989) holding claims 5 and 12 of U.S. Patent No. 4,544,136 ('136) invalid, and further appeals the portion of the November 10, 1988 Order dismissing Deuer's related unfair competition claims. In that regard, it alleges as error the district court's denial of its motion for judgment notwithstanding verdict (JNOV). Kent Products, Inc., White Cloud Products, Inc. and Lake Manufacturing (collectively "Kent") cross-appeal the portion of the December 23, 1988 judgment holding that claims 5 and 12 are infringed and that such infringement is willful, and assert as error the denial of its related motion for JNOV. Kent further appeals the May 25, 1989 denial of its motion for attorney fees. We affirm-in-part and vacate-in-part.
 
 OPINION
 
 2
 We have considered the arguments of Deuer regarding the validity issue but are unconvinced that the jury's conclusion of obviousness under 35 U.S.C. Sec. 103 (1988) is incorrect or that the facts supporting it are not supported by substantial evidence. Deuer's recitation of specific parts of the trial testimony to demonstrate that Kent failed to establish a suggestion in the prior art to combine the cited references is unavailing. Even if none of Kent's expert witnesses were able to point to prior art which expressly suggested the proposed combination of references to arrive at the invention, such an express suggestion is not always necessary to show obviousness. See Cable Electric Products, Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886 (Fed.Cir.1985). ("[T]he straight-forward quality of the invention and the art involved [may] make the required combination quite apparent."). In any event, based on a review of the entire record, including the proper jury instructions, the prior art and secondary considerations, we cannot say that the jury's conclusion of obviousness is incorrect or that the facts upon which it is based were unsupported by substantial evidence.
 
 
 3
 With regard to Kent's request for a remand on the issue of attorney fees, we note that the court's denial of an award of such fees was based, in part, upon a consideration of the testimony of certain witnesses and whether exceptional circumstances existed related thereto. Specifically, the district court judge stated:
 
 
 4
 Laycock certainly wasn't your star witness. I shouldn't say "star" in that sense, the witness that I think that the plaintiffs had hoped he would be.
 
 
 5
 However, the jury obviously, had to evaluate that, and the Adlemen situation we dealt with during the trial in relation to that. I don't think that those kinds of things lead to the exceptional circumstances that are anticipated by this statute in question.
 
 
 6
 Thus, we cannot say that the court offered no findings upon which to base our review of the court's conclusion that this case is not exceptional. Moreover, we do not believe that the cases cited by Kent, S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 200-201, 228 USPQ 367, 368-69 (Fed.Cir.1986) and Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582-83, 226 USPQ 821, 824 (Fed.Cir.1985), require a remand on the issue of attorney fees in this case. In sum, we conclude that the court's finding that this case was not exceptional is not clearly erroneous and that there was no abuse of discretion in the court's denial of attorney fees. See Orthopedic Equip. Co. v. All Orthopedic Appliances, 707 F.2d 1376, 1384, 217 USPQ 1281, 1287 (Fed.Cir.1983) ("[A]n award of attorney fees is within the discretion of the trial judge.").
 
 
 7
 Having affirmed the invalidity of claims 5 and 12 for being obvious, we vacate: (1) that part of the judgment holding those claims invalid for failure to comply with the requirements of 35 U.S.C. Sec. 112 (1988) (i.e., best mode, enablement, particularity of claims); and (2) that part of the judgment holding that claims 5 and 12 were infringed and that they were infringed willfully. See, e.g., Vieau v. Japax, Inc., 823 F.2d 1510, 1517, 3 USPQ2d 1094, 1100 (Fed.Cir.1987).
 
 
 8
 We have also considered Deuer's argument that the district court erred in applying the three year rather than six year Michigan statute of limitations in dismissing Deuer's unfair competition counts, and find such argument to be unpersuasive. In Marion Laboratories, Inc. v. Michigan Pharmacal Corp., 338 F.Supp. 762, 765, 173 USPQ 410, 412 (E.D.Mich.1972), the district court for the Eastern District of Michigan applied a three year limitation period in an unfair competition action. In Cellasto Corp. v. International Tel. & Tel. Corp., 215 USPQ 998, 1000 (E.D.Mich.1982), the same court asserted that a trade name or trademark infringement action should be viewed as a tort against property and thus subject to the three year, rather than six year statute of limitations. In light of this precedent, we find no error in the Judge's dismissal of Deuer's unfair competition counts as being barred by Michigan's three year statute of limitations.
 
 
 9
 In conclusion, we affirm the district court's judgment that the '136 patent is invalid for obviousness. We vacate the judgment that claims 5 and 12 are invlaid for reasons other than obviousness, that such claims are infringed, and that infringement is willful. We further affirm the court's denial of Kent's motion for attorney fees and its order dismissing Deuer's unfair competition claim.
 
 COSTS
 
 10
 No costs.