**SERPENTIX CONVEYOR CORPORATION,**
Plaintiff,

v.

**Francis A. ROTH, Florence W. Roth and Hydroginetics Corporation, a Colorado corporation, Defendants.**

No. 88–B–26.

United States District Court, D. Colorado.

Sept. 1, 1989.

Charles H. Torres, Denver, Colo., for plaintiff.

Edward Manzo, Cook, Wetzel & Egan, Ltd., Chicago, Ill., Robert C. Leher, Miller & Leher, Littleton, Colo., for defendants.

## ORDER

BABCOCK, District Judge.

This case is before the Court on Defendants' Motion for a Restraining Order preventing the plaintiff from threatening or commencing enforcement actions against purchasers of Hydroginetics' Slide Model Conveyors accused of infringement by plaintiff, pending the trial of the damage issues, or otherwise interfering with contractual relations of Hydroginetics or its customers. I have considered the defendants' Memorandum and exhibits together with the plaintiff's reply memorandum and materials submitted therewith in light of this Court's file and the record in this action. I find and conclude as follows:

1. On February 24, 1989, at the hour of 3:22 p.m. plaintiff appearing by Michael Cooksey and defendants appearing by Edward Manzo, I, with plaintiff's consent, entered upon the special verdicts returned by the jury on January 16, 1989, its permanent injunction. (See Appendix A, attached hereto and incorporated herein by reference.) The permanent injunction is clear, plain and unambiguous. It provides, "that Francis A. Roth, Florence W. Roth, and Hydroginetics Corporation (a Colorado corporation), together with their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise, be and are hereby permanently enjoined, for as long as claim 11 of U.S. Patent No. 4,438,842 shall remain valid and enforceable, from making, using or selling, within the United States and territories thereof, any conveyor heretofore referred to as the Hydroginetics Slide Model Conveyor *which also makes both horizontal and vertical turns.*" (Emphasis added)

2. On July 12, 1989, Mr. Torres, counsel for plaintiff, sent identical seven page letters to at least two purchasers of Hydroginetics' Slide Model Conveyors, the cities of Willmar, Minnesota, and Raeford, North Carolina (non-parties to this action) threatening litigation if they do not "comply with the jury's finding and the corresponding injunction" and "address the monetary issues that are of concern to my client." In these letters, plaintiff's counsel addresses defendants' consistent position that the injunction does not apply to Hydroginetics slide style conveyors that do *not* have horizontal turns. In these letters Mr. Torres states:

"Part of this argument is based on the Court's own opinion of the patent wording of Claim 11 of the patent. As this matter was not tried to the Court but to a Jury, and the wording in question was in dispute, the jury's determination that

all slide-style conveyor systems infringed is the important legal determination.... Based on the jury instructions that properly directed the jury to the correct criteria for determining the meaning of the requested language, the jury found the above language to mean that *either* a vertical or horizontal turn in any combination with the slide-style conveyor was an infringement.... All permissible evidence brought out at the Serpentix trial supported the jury's conclusion which is inconsistent with the Court's personal opinion which is without supportable evidence from the record."

3. I conclude from the clear, plain and unambiguous language of the injunction entered upon the jury's special verdicts that the scope of the injunction is beyond dispute. *Only* slide conveyors which make *both* horizontal *and* vertical turns are prohibited. Plaintiff consented to the language of the injunction at the hearing held February 24, 1989. Plaintiff took no appeal from this injunction. The injunction constitutes a final judgment in this case and plaintiff cannot now be heard to repudiate it.

■ 4. Although a patent owner is generally permitted to notify customers of an accused patent infringement to protect its rights to damages, 35 U.S.C. § 287, such notification must be made in good faith; misleading communications intended to threaten, harass, or intimidate customers of accused infringers may be enjoined. *See Solex Laboratories, Inc. v. Plastic Contact Lens Co.,* 268 F.2d 637, 641 (7th Cir. 1959); *Sortex Co. of North America v. Mandrel Industries, Inc.,* 226 F.Supp. 995, 1002 (W.D.Mich.1964).

■ 5. Plaintiff's letters threatening enforcement of the injunction against nonparties to this action, asserting potential damages from non-parties which will be accounted for at the parties' damages trial in this case, and asserting that the injunction prohibits conveyors having *either* horizontal *or* vertical turns are misleading and written with intent to threaten, harass or intimidate defendants' customers. I further conclude that, given the clear, plain,

and unambiguous language of this Court's injunction agreed to by plaintiff and from which plaintiff took no appeal, the plaintiff's misleading communications are made in bad faith.

IT IS THEREFORE ORDERED that the defendant's Motion for Restraining Order is GRANTED and the plaintiff is enjoined from threatening or commencing enforcement actions without the clear scope of this Court's injunction against purchasers of Hydroginetics' Slide Model Conveyors accused of infringement by plaintiff pending the trial of the damages issues of this case and pending further order of this Court.

IT IS FURTHER ORDERED that pending further order of this Court any 35 U.S.C. § 287 notice proposed by plaintiff incident to this action shall be submitted for approval by this Court after comment by defendants.

## APPENDIX A

### PROCEEDINGS

(In Chambers)

THE COURT: Okay, we are back in 88–B–26, Serpentix v. Roth, and we are in chambers to consider the revised form of permanent injunction 3:00 p.m. version.

Mr. Cooksey, if you have and want to express objections to it, we will put them on the record at this time. However, I think that it's appropriate, and I am intending to go ahead and sign off on it.

MR. COOKSEY: Well, I think in light of our discussions off the record, I am not going to do that.

THE COURT: Okay.

MR. COOKSEY: We will concede that this is an appropriate form.

THE COURT: All right. At this time I am going to sign the form of injunction. Today is the 24th.

MR. MANZO: Yes, your Honor.