**SERPENTIX CONVEYOR CORPORATION, a Colorado corporation, Plaintiff,**

v.

**Francis A. ROTH, Florence W. Roth, and Hydroginetics Corporation, a Colorado corporation, Defendants.**

**Civ. A. No. 88–B–26.**

United States District Court, D. Colorado.

Dec. 6, 1989.

Charles H. Torres, Denver, Colo., for plaintiff.

Edward D. Manzo, Cook & Egan, Ltd., Chicago, Ill., Robert C. Leher, Miller & Leher, Littleton, Colo., for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on defendants' motion for entry of final judgment. The liability trial was held in January 1989. On February 24, 1989, I entered a permanent injunction upon the jury's special verdicts. The injunction embodies the law of the case that there is not infringement unless a Hydrogenetics slide model conveyor makes both vertical and horizontal turns. *See* September 1, 1989 Order. 718 F.Supp. 859.

Defendants argue that because plaintiff, Serpentix Conveyor Corporation (Serpentix), cannot identify any infringing convey-

ors, any award of damages would be speculative, and therefore, final judgment should now enter. This issue has been fully briefed and supporting affidavits have been filed. For the reasons discussed below, defendants' motion for entry of final judgment is granted.

■■■ The patent statute provides, in pertinent part, that:

Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty *for the use made of the invention by the infringer,* together with interest and costs as fixed by the court. 35 U.S.C. § 284. (Emphasis added).

In *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 507, 84 S.Ct. 1526, 1543, 12 L.Ed.2d 457 (1964) (Aro II), a plurality of the Supreme Court instructed that under § 284 only "damages" may be recovered by a patent holder, not an infringer's "profits". Further, damages are "compensation for the pecuniary loss the patent holder suffered from the infringement, without regard to the question whether the defendant gained or lost by his unlawful acts." *Coupe v. Royer,* 155 U.S. 565, 582, 15 S.Ct. 199, 206, 39 L.Ed. 263 (1895). Damages are awarded to place the patent holder in as good a position as he would have been in had the infringement not occurred. *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655, 103 S.Ct. 2058, 2062, 76 L.Ed.2d 211 (1983). In the absence of exploitation by the patent holder, no damages would be awardable. *Stickle v. Heublein, Inc.,* 716 F.2d 1550, 1561, 219 USPQ 377 (Fed.Cir.1983).

■■■ Here, the possibility of Serpentix proving damages is highly speculative. To establish lost profits, the patent holder must prove:

(1) a demand for the patented product during the period in question;

(2) the absence of acceptable noninfringing substitutes;

(3) his own manufacturing and marketing capability to meet or exploit the demand;

(4) a detailed computation of the amount of profit he would have made;

*Panduit Corp. v. Stahlin Bros. Fibre Works,* 575 F.2d 1152, 197 USPQ 726 (6th Cir.1978). Accordingly, the patent holder must show that, but for the infringement, he would have made the sales. *King Instrument Corp. v. Otari Corp.,* 767 F.2d 853, 863, 226 USPQ 402 (Fed.Cir.1985).

Serpentix has not located or identified a slide model conveyor with a horizontal turn. Although defendants made roller style conveyors capable, at some point in the future, of making both vertical and horizontal turns, there is no showing that infringing conveyors have been made, used, or sold by defendants. Thus, Serpentix cannot prove lost profits. It suffered no lost profits.

■ However, where, as here, actual damages cannot be proved, the patent holder is entitled to a reasonable royalty. *Panduit Corp. v. Stahlin Bros. Fibre Works,* 575 F.2d at 1157. A reasonable royalty is the floor below which damages shall not fall. *Bandag, Inc. v. Gerrard Tire Co., Inc.,* 704 F.2d 1578, 1583, 217 USPQ 977 (Fed.Cir.1983). It is an amount "which a person desiring to manufacture and sell a patented article, as a business proposition, would be willing to pay as a royalty and yet be able to make and sell the patented article, in the market, at a reasonable profit." *Panduit Corp., supra* at 1158.

■ The amount of a reasonable royalty turns on the facts of each case. *Panduit Corp.,* 575 F.2d at 1159. Among the relative facts are:

(1) what was plaintiff's property;

(2) to what extent has defendant taken it;

(3) its usefulness and commercial value as shown by its advantages over other things and by the extent of its use; and

(4) the commercial situation.

*Id.*

■ Here, the '842 patent-in-suit was issued March 27, 1984 to Serpentix's owner, Robert L. Alldredge. Claim 11 of the patent-in-suit provides, in pertinent part:

11. An improved conveyor of the type having a continuous longitudinally extending belt *adapted to follow a laterally and vertically curved operational path and having a conveyor chain capable of both lateral and vertical bending with the path of the belt,* wherein the improvement comprises.... (Emphasis added).

Claim 11 thus calls for a conveyor for lateral *and* vertical bending, but it does not specify a stabilizer means. It does specify that the chain must be wider than the width of the channel slot of the track so that the chain will be retained in the channel. Also, the connector between the belt and the chain, called a "belt carriage" having a "central connecting means," is required to transmit "substantially the entire weight to the conveyor belt along the operational path to the block lines in substantially balanced lateral distribution."

Although the jury found that the infringement was willful, it found that there was not literal infringement. Moreover, Serpentix has never identified one of defendants' conveyor systems built to date that has any horizontal curves. Although defendants' conveyors may be "capable" of making lateral turns, defendants have never manufactured or sold a slide conveyor which actually makes such turns. Furthermore, as built, defendant's conveyors are incapable of making horizontal turns. Defendants' conveyors operate in a straight or vertically curved path. Thus, defendants have not made use of Serpentix's claimed invention and there is no "date of first infringement." *Panduit Corp.*, 575 F.2d at 1159.

The substantial value of Serpentix's patented conveyor was recognized by defendants in their brochures and advertisements. *Panduit Corp., supra* at 1160. Nevertheless, these advertised features were for future or proposed conveyors, not yet manufactured or sold.

Because defendants never manufactured or sold an infringing conveyor there are no factors to consider at the "hypothetical meeting" such as the lack of acceptable noninfringing substitutes, or the future business and attendant profit Serpentix would expect to lose by licensing a competitor. Here, Serpentix was not forced to share sales of the patented conveyor with defendants, because defendants have never sold an infringing conveyor. A permanent injunction has been entered, enjoining defendants from manufacturing, using, or selling any infringing conveyor. Accordingly, under the facts and circumstances of this case, a reasonable royalty is nominal.

■ 35 U.S.C. § 285 allows the court "in exceptional cases" to award "reasonable attorney fees" to "the prevailing party." However, a finding of willfulness does not always lead to an award of attorney fees. *S.C. Johnson & Son v. Carter-Wallace, Inc.*, 781 F.2d 198, 228 USPQ 367 (Fed.Cir.1986). Exceptional circumstances must exist for an award of attorney fees to be sustained. *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529. 222 USPQ 553, 562 (Fed.Cir.1984).

■ Although the jury found willful infringement, this case is not "exceptional" within the meaning of the patent statute, 35 U.S.C. § 285, and an award of attorney fees would be improper. The issues litigated were extremely close questions. *See Kloster Speedsteel AB v. Crucible, Inc.*, 793 F.2d 1565, 230 USPQ 81 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987). Defendants had a well-grounded, formidable defense to infringement, willfulness, validity, and enforceability. None of defendants' arguments were frivolous or without some legal or factual support. *See Phillips Petroleum Co. v. United States Steel Corp.*, 673 F.Supp. 1278, 6 USPQ2d 1065 (D.Del.1987). Moreover, there has been no challenge made to counsels' tactics or to the parties' conduct. *S.C. Johnson & Son v. Carter-Wallace, Inc.*, 781 F.2d at 201. Finally, it would not be unfair or unjust for Serpentix

to bear its own attorney fees in this case. *See J.P. Stevens Co. v. Lex Tex, Ltd.*, 822 F.2d 1047, 3 USPQ2d 1235 (Fed.Cir.1987).

It is therefore ORDERED that defendants' motion for entry of final judgment is GRANTED. Final judgment shall enter in favor of plaintiff against defendants for the nominal sum of $1.00.