909 F.2d 1494
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SERPENTIX CONVEYOR CORPORATION, Plaintiff-Appellant,
v.
Francis A. ROTH, Florence W. Roth, and Hydroginetics
Corporation, Defendants-Appellees.
 No. 90-1007.
 United States Court of Appeals, Federal Circuit.
 July 3, 1990.
 
 Before RICH and ARCHER, Circuit Judges, and RUDI M. BREWSTER, District Judge.*
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Serpentix Conveyor Corporation appeals from a Restraining Order of the United States District Court for the District of Colorado, Case No. 88-B-26 (entered September 1, 1989), (1) enjoining Serpentix "from threatening or commencing enforcement actions without the clear scope of [that] Court's injunction against purchasers of Hydroginetics [Corporation's] Slide Model Conveyors accused of infringement by [Serpentix] pending trial of the damages issues of this case pending further order of [that] Court," and (2) requiring Serpentix to obtain "approval of [the] court after comments by [appellees]" before serving any notice under 35 U.S.C. Sec. 287 incident to this action. We vacate-in-part and reverse-in-part.
 
 OPINION
 
 2
 The appellee's motion for a limited scope of review in this appeal is granted. Our jurisdiction in this case is limited to reviewing the propriety, under an abuse of discretion standard, of the district court's restraining order. See FRAP 4(a); 28 U.S.C. Sec. 1292(c)(1). Based on the jury verdict, the district court previously entered a permanent injunction against appellee, the wording of which was accepted and approved by Serpentix. Serpentix did not seek modification or change in the scope of that injunction or appeal from its entry. It cannot collaterally obtain such relief by appealing this restraining order. See Marsh-McBirney, Inc. v. Montedoro-Whitney Corp., 882 F.2d 498, 502, 11 USPQ2d 1794, 1796 (Fed.Cir.1989). Hence, the sole issue in this appeal is whether the district court abused its discretion in entering the restraining order against Serpentix.
 
 
 3
 To facilitate our review, we consider separately the two parts of the order. One part deals with the court's management and control of actions by Serpentix deemed inconsistent with the permanent injunction during the pendency of the hearing on damages. The other part affects the matter of giving notice of patent rights under 35 U.S.C. Sec. 287. With respect to the former, the damages trial has now been completed, see Serpentix Conveyor Corp. v. Roth, 726 F.Supp. 282 (D.Colo.1989), and the appeal therefrom lodged in this court has, as of May 1, 1990, been dismissed by stipulation of the parties. Thus, under the very terms of the district court's order, the underlying reason for restraining Serpentix' activities, i.e., to prevent misuse of the permanent injunction pending a trial on damages, no longer pertains. Although the restraining order provides that it continues in effect until further order of the district court, the court gave no reason for restraining Serpentix' activities following completion of the damage trial, and similarly no such reason for further delay has been called to our attention. Accordingly, we dismiss the appeal as to this question as moot and vacate that part of the order restraining Serpentix' activities "pending the trial of the damages issues."
 
 
 4
 The district court's order requiring prior "approval of [the] court after comments by [appellees]" of a notice under section 287 is reversed. Section 287 provides for notice of patent rights and starts the period for which damages, if any, may be recovered. It has prospective application only against a recipient of notice. 35 U.S.C. Sec. 287 (1988); see generally 5 D. Chisum, Patents, Sec. 20.03 (1990). The imposition of these restrictions on Serpentix' statutory right to notify the public, including alleged infringers, has the effect of impairing its ability to recover damages for prospective infringing acts by others. We hold that this unlimited and undefined control over the exercise by Serpentix of an act authorized by statute, and required to obtain damages, is an abuse of discretion. We therefore reverse that part of the district court's restraining order relating to section 287 notice.
 
 COSTS
 
 5
 Each party shall bear its own costs.
 
 
 
 *
 Honorable Rudi M. Brewster, Judge, United States District Court for the Southern District of California, sitting by designation